UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DARLENE R. WIMMER,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social Security,<br><br>        Defendant. | No. CV 05-5577 FFM<br><br>MEMORANDUM DECISION AND ORDER |

Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration[1] denying her application for Supplemental Security Income. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. Pursuant to the case management order entered on August 9, 2005, the parties filed a Joint Stipulation detailing each party's arguments and authorities on June 20, 2006. The Court has reviewed the administrative record ("AR"), filed by defendant on December 31, 2005, and the Joint Stipulation. For the reasons stated below, the decision of the Commissioner is affirmed.

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 12, 2007 and is hereby substituted as defendant pursuant to Federal Rule of Civil Procedure 25(d).

## PROCEDURAL HISTORY

On February 15, 2002, plaintiff protectively filed an application for supplemental security income. Plaintiff's claim was denied initially and on reconsideration. Plaintiff filed a timely request for a hearing by an administrative law judge ("ALJ"). ALJ Charles L. Hall held the hearing on April 15, 2003. Plaintiff appeared with counsel and testified at the hearing. On July 21, 2003, the ALJ issued a decision denying benefits. Plaintiff sought review of this decision before the Appeals Council, who denied the request for review on June 28, 2005.

Plaintiff commenced the instant action on August 8, 2005.

## CONTENTIONS

Plaintiff raises two issues in this action:

1. Whether the ALJ properly applied the Medical-Vocational Guidelines;
2. Whether the ALJ provided a complete hypothetical to the vocational expert.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

DISCUSSION

A.  Whether the ALJ Properly Applied the Medical-Vocational Guidelines

Plaintiff contends that the ALJ erred when he referenced the Medical-Vocational Guidelines ("Grids") in determining, at step five of the sequential analysis, that plaintiff could perform other work that exists in significant numbers in the economy. (Joint Stipulation at 5.)  Plaintiff contends that, in determining plaintiff's residual functional capacity, the ALJ already had found that plaintiff suffered from nonexertional limitations as well as exertional limitations.   Because the Grids do not take nonexertional limitations into account, they cannot direct a finding of not disabled where the claimant suffers from both exertional and nonexertional limitations. *See Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988).

The Commissioner contends that the ALJ did not rely on the Grids, but on the testimony of a vocational expert.

From the body of the decision, the ALJ appears to have referenced both the Grids and the vocational expert's opinion in concluding that plaintiff is not disabled. (See AR 16 "[T]he Administrative Law Judge . . . finds by using medical-vocational Rule 203.29 of Table No. 3 in Appendix 2 to Subpart P of the Regulations and the testimony of the vocational expert that the claimant is 'not disabled' as defined by Social Security law.")  Reference to the Grids in this manner is acceptable. *See Polny v. Bowen*, 864 F.2d 661, 663 (9th Cir. 1988).  The Introduction to Appendix 2 to Subpart P of the Regulations explains that:

> [W]here an individual has an impairment or combination of impairments resulting in both strength limitations and nonexertional limitations, the rules in this subpart are considered in determining first whether a finding of disabled may be possible based on the strength limitations alone and, if not, the rule(s) reflecting the individual's maximum residual strength capabilities, age, education, and work experience provide a framework for consideration of how much the individual's work capability is further

>diminished in terms of any type of jobs that would be contraindicated by the nonexertional limitations.

20 CFR Pt 404, Subpt. P, App. 2, Rule 200.00 (2007).  Thus, the Court finds that the ALJ's reference to the Grids was permissible.

In his findings, however, the ALJ stated that "a finding of 'not disabled' is directed by Medical-Vocational Rule 203.29."  (AR 17.)  This finding was erroneous because, as shown above, the Grids cannot direct a finding of not disabled if the claimant has nonexertinal limitations not taken into account by the Grids.  Nonetheless, the Court finds this error to be harmless.  The body of the decision makes it clear that the ALJ actually relied on the testimony of the vocational expert.  The conclusion of "not disabled" reached by the ALJ is consistent with and supported by the vocational expert's testimony that, given her exertional and nonexertional limitations, the plaintiff could perform jobs existing in significant numbers in the economy.

>B. <u>Whether the ALJ Provided a Complete Hypothetical to the Vocational Expert</u>

Plaintiff contends that the hypothetical posed to the ALJ did not contain all of plaintiff's limitations as found by the ALJ.  Specifically, plaintiff contends that the ALJ found that plaintiff suffered moderate limitations in concentration, persistence, and pace, but did not include these restrictions in his hypothetical to the vocational expert.  In his decision, the ALJ stated:

>Since all medical and mental health physicians of record agree that the claimant retains the capacity for simple work that allows for lifting/carrying/pushing/pulling up to 50 pounds occasionally and 25 pounds frequently with sitting/standing/walking up to 6 hours each in a an 8-hour workday with mild limitations in activities of daily living, mild limitations in social functioning and moderate limitations in concentration, persistence, and pace with no evidence of any episodes of decompensation, the Administrative Law Judge similarly concludes that

4

the claimant retains the residual functional capacity for, at most, simple, medium work activity.

(AR 15 - 16.)

The reference in the record to "moderate limitations in concentration, persistence, and pace" appears in the psychiatric reports of Dr. Ryan, the DDS physician. (*See* Psychiatric Review Technique at AR 248 and Mental Residual Functional Capacity Assessment at AR 252.) Dr. Ryan concluded, based on these and other findings, that plaintiff "would be able to understand/follow simple instructions. Would be able to maintain concentration on simple work. Can interact sufficiently with peers/public/supervisors. Can maintain adequate pace." (AR 254.)

These conclusions are consistent with the conclusion of Dr. Edelman, the consultative psychiatrist, that plaintiff "would be able to understand, remember, and follow simple instructions. . . . The claimant would be able to maintain concentration on simple work. The claimant would be able to maintain adequate pace doing simple work from a psychiatric perspective. The claimant would be able to interact sufficiently with peers, the public and supervisors." (AR 235).

The hypothetical posed to the vocational expert included the nonexertional limitations of simple type work. (AR 363.) In response, the vocational expert listed jobs that were all unskilled, SVPs of 1 and 2. Thus, the hypothetical posed by the ALJ accounted for the nonexertional limitations found by the ALJ.

For the foregoing reasons, the judgment of the Commissioner is affirmed.

IT IS SO ORDERED.


DATED:   June 11, 2008              /S/ Frederick F. Mumm
                                    FREDERICK F. MUMM
                                    United States Magistrate Judge